UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAZELL COOK,<br>      Petitioner,<br><br>      v.<br><br>KELLY RYAN,<br>      Respondent. | CIVIL ACTION NO.<br>12-11840-RWZ |

MEMORANDUM AND ORDER

October 15, 2012

ZOBEL, D.J.

BACKGROUND

   On October 1, 2012, petitioner Lazell Cook, a prisoner confined at MCI Shirley in Shirley, Massachusetts, filed a self-prepared petition for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges his March 6, 1992 conviction in the Middlesex Superior Court for felony murder and unarmed robbery, for which he was sentenced respectively to imprisonment for life without parole and 20-30 years to be served concurrently.

   As his first habeas ground, petitioner asserts structural error, denying him due process and the right to trial before an impartial jury. He claims that the grandfather of one of the victims had a conversation with a juror and showed him sketches that he was making of the trial. The juror failed to inform the trial court of this contact.

   Petitioner asserts additional grounds warranting habeas relief: (2) jury tampering based on the communication by the grandfather of a victim with a juror, advising him

that he was the victim's grandfather; (3) juror bias based on the improper contact; (4) "recently surfaced evidence" shows that there was an extraneous influence on the jury deliberations. Pet. (Docket No. 1 at 10); (5) "recently surfaced evidence" shows that petitioner was convicted of felony murder based on a predicate felony of armed robbery despite the lack of evidence to support the armed robbery conviction; 6. denial of due process by the denial of an evidentiary hearing with respect to the alleged improper influence on at least one juror.

Petitioner claims he has exhausted all state remedies.[1]

Petitioner also filed a Motion for Leave to File Second or Subsequent Petition (Docket No. 2); a Motion for an Evidentiary Hearing (Docket No. 3); a Motion to Appoint Counsel (Docket No. 4); and Motions for Leave to Proceed *in forma pauperis* (Docket Nos. 5, 9).

## DISCUSSION

I. The Motions for Leave to *Proceed In Forma Pauperis*

The fee to file a petition for a writ of habeas corpus is $5.00. See 28 U.S.C. § 1914(a). The prison account statement Petitioner submitted indicates that he has $93.45 in his personal account and that over the past six months he has received $794.43 in gifts and prison employment income. Because Petitioner can afford to pay the $5.00 filing fee, the Motions for Leave to Proceed *in forma pauperis* are denied.

---

[1] He attaches a Memorandum of Decision and Order on Defendant's Motions for New Trial and Post-Verdict Inquiry of Jurors, and other state court records. Docket No. 1-1.

II.  The Motion for Leave to File Second or Subsequent Petition

Petitioner alleges that he seeks habeas review based on newly discovered facts, discovered 14 years after his trial and direct appeal.  The facts were discovered through an internet blog.

The background of his first § 2254 habeas petition is as follows.  On October 16, 2007, petitioner filed a § 2254 habeas petition.  See Cook v. O'Brien, C.A. 07-11964-MLW.  On August 13, 2008, Judge Wolf determined that it had been more than 12 years since the limitations period for bringing a § 2254 petition had expired.  He therefore dismissed the petition as time-barred under 28 U.S.C. § 2244(d), without reaching the merits of the habeas claims based on ineffective assistance of counsel.

On September 2, 2008, petitioner filed a Motion for Reconsideration and on April 10, 2009, he moved to amend his Motion for Reconsideration.

On June 23, 2009, Judge Wolf granted the Motion to Amend but denied the request for reconsideration.  See Memorandum and Order (Docket No. 13).

The first question is whether the dismissal of the earlier petition as time barred was a disposition on the merits turning this into a "second or successive" one under § 2244(b).

The vast majority of courts that have considered the issue have concluded that such a dismissal is an adjudication on the merits. See Murray v. Greiner, 394 F.3d 78, 81 (2d Cir. 2005) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)."); see also Villanueva v. United States, 346 F.3d 55, 58 (2d Cir. 2003) (motion under 28 U.S.C. § 2255 considered second or successive if prior

motion dismissed as untimely).  Courts consistently have adhered to the Murray view that a dismissal of a petition as time-barred is an adjudication on the merits for the second or successive analysis.  See, e.g., Mays v. Barrett, 2012 WL 3292907, *1 (M.D. Ala. June 15, 2012); Patel v. Ground, 2012 WL 161106 ,*1 (E.D. Cal. Jan. 18, 2012); Minnifield v. Murphy, 2010 WL 4363331, *1 (D. Conn. 2010); cf. King v. Cunningham, 442 F. Supp. 2d 171,178 (S.D.N.Y. 2006) (distinguishing Murray where the court's opinion dismissing petition did not make a final determination as to timeliness).

This Court agrees with the reasoning of those cases and holds that the dismissal for failure to meet the statute of limitations is a decision on the merits.

In light of that ruling, petitioner's habeas petition is a second or successive § 2254 petition, and this Court lacks jurisdiction to consider it.

The second question, anticipated by petitioner, is whether his motion for leave to file a second petition should be granted.  He is correct that leave is required.  However, under the statute, petitioner must so move in the Court of Appeals, 28 U.S.C. § 2244(b)(3)(A).  See Gautier v. Wall, 620 F.3d 58, 61 (1st Cir. 2010).

Accordingly, petitioner's Motion for Leave to File a Second or Subsequent Petition (Docket No. 2) is DENIED because this Court lacks authority to grant such relief.  It is further Ordered that this action is DISMISSED sua sponte without prejudice to re-filing a petition if permission to file is granted by the United States Court of Appeals for the First Circuit ("First Circuit").

Finally, in light of the dismissal of this action, petitioner's Motion for an Evidentiary Hearing (Docket No. 3) is DENIED as moot, and his Motion for Appointment of Counsel (Docket No.4) is DENIED as moot.

| | |
|---|---|
| October 15, 2012 | /s/ Rya W. Zobel |
| DATE | RYA W. ZOBEL |
| | UNITED STATES DISTRICT JUDGE |